IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

VERSUS                                           CIVIL ACTION NO. 5:04cv89**5**-DCB
                                                 CRIMINAL NO. 5:03cr1-DCB

DANNY HUBBARD                                                PETITIONER



## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 5:04cv895-DCB, and **docket entry 31** in criminal action 5:03cr1-DCB]. Having reviewed the motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

On June 19, 2003, Danny Hubbard pled guilty to a charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Hubbard's guilty plea was entered pursuant to written Memorandum of Understanding the defendant had entered into with the government. On August, 14, 2003, Hubbard was sentenced to a term of 97 months imprisonment. No direct appeal of the sentence was filed.

The petitioner filed the present motion on March 17, 2004, asserting that his entry of a guilty plea and sentence should be

vacated because he received ineffective assistance of counsel prior to and during the plea hearing. See Memo. in Support of § 2255 Motion, at 1. Hubbard alleges a number of bases which he feels justifies a finding that he received ineffective assistance: (1) that his attorney did not appeal his sentence; (2) that he was actually innocent of the charge brought against him; (3) that his attorney informed him that he had "no choice" but to plead guilty; and (4) that his attorney failed to move to suppress evidence concerning the drugs seized from the truck he was driving. See Memo. in Support of § 2255 Motion, at 1, 3, 5, 7, & 10.

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[1] See 28 U.S.C. § 2255.

---

[1] A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**Waiver of Post-conviction Relief**

As an initial matter, the government challenges Hubbard's § 2255 petition on the ground that the plea agreement the petitioner entered into restricts the plaintiff's right to seek any post-conviction relief via § 2255. See Government's Response, at 1-3. The Memorandum of Understanding, signed by the petitioner on June 19, 2003, states, in part, as follows:

> The Defendant, knowing and understanding all the facts set out herein, including the maximum possible penalty that could be imposed, and including his right to appeal the sentence imposed . . . hereby expressly waives the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case. . . .

Memorandum of Understanding, ¶16. Thus, if the plea agreement is controlling, then the petitioner has given up his right to seek post-conviction relief. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992) (holding that a defendant may waive the right to appeal a criminal conviction and sentence as part of a plea agreement, so long as the waiver is informed and voluntary).

---

28 U.S.C. § 2255

3

The petitioner, however, argues that the waiver in the plea agreement should not preclude the present motion because he had no knowledge or understanding that by entering a guilty plea he was waiving his right to appeal or collaterally attack his conviction. He claims that, due to a severe glaucoma problem, he was unable to read the document and that his attorney did not explain the consequences of the agreement to him, but simply "pointed to the signature line and directed [him] to 'just sign here.'" See Petitioner's Traverse, at 2 n.1. According to the petitioner, it was not until three months had passed since his plea hearing that he learned of the actual contents of the Memorandum of Understanding. See Memo. in Support of § 2255 Motion, at 6.

As the record clearly indicates, however, the petitioner should have been aware that he was waiving any right to collaterally attack his sentence via a § 2255 motion. Prior to accepting the petitioner's plea, the Court conducted the following colloquy with Hubbard to be sure that he knew that he was under oath and that his answers to the Court's questions had to be truthful:

> THE COURT: Mr. Hubbard, if there is something I say to you that you don't understand, I'll give you an opportunity to consult with your counsel, Mr. Joiner, or you may ask me a question directly. <u>You have sworn to tell the truth, and I tell all those who appear before me who have been sworn that your answers must be truthful</u>. You could be prosecuted for perjury if they are not. I tell you that not by way of threat or intimidation but just

>       simply so that you'll understand your
>       obligations this afternoon.

Transcript of Guilty Plea Hearing, at 2-3 (emphasis added). The Court then went on to establish that the defendant was capable of reading and writing:

>       THE COURT: How old is Danny Hubbard? How old
>       are you, sir?
>
>       PETITIONER: I'm 35.
>
>       THE COURT: And how much education have you
>       had, Mr. Hubbard?
>
>       PETITIONER: I finished the 9th grade.
>
>       THE COURT: Are you able <u>to read and write</u>,
>       sir?
>
>       PETITIONER: <u>Yes.</u>

Transcript of Guilty Plea Hearing, at 3 (emphasis added). The defendant was then questioned about whether he was satisfied that his attorney had served him competently up till that time:

>       THE COURT: Now, the next series of questions I
>       also propound to all defendants that appear
>       before me. I want to be sure that you are
>       satisfied with the amount of time and quality
>       of advice that has been given to you by your
>       counsel, the Honorable Dennis Joiner. Are you
>       so satisfied, sir?
>
>       PETITIONER: Yes, sir.

Transcript of Guilty Plea Hearing, at 5.

After the defendant acknowledged that he understood all of his rights under the criminal justice system, the Court inquired whether he wished to give them up and enter a plea of guilty.

Hubbard responded in the affirmative. Transcript of Guilty Plea Hearing, at 6-7. The Court then explained to the defendant the maximum penalty he faced once he entered his guilty plea and asked Hubbard if his plea was made voluntarily:

> THE COURT: Has anyone forced Mr. Hubbard to come before this court to enter this plea, sir, or do you do so voluntarily?
>
> PETITIONER: <u>Voluntarily</u>.

Transcript of Guilty Plea Hearing, at 9 (emphasis added). Hubbard was further informed that once the court accepted his plea he would be bound:

> THE COURT: If I accept your plea this afternoon, you'll be bound by that plea. You won't be allowed to withdraw it at some future time. Do you understand, sir?
>
> PETITIONER: Yes, sir.

Transcript of Guilty Plea Hearing, at 10.

The Court then moved on to discuss the contents of the Memorandum of Understanding and the defendant's understanding of that agreement:

> THE COURT: This Memorandum of Understanding that I have before me is dated May 1, 2003, a Memorandum of Understanding between the United States government, the Honorable Dennis Joiner, and Danny Hubbard, the defendant. Mr. Joiner, has the original been signed, sir?
>
> MR. JOINER: It has, Your Honor.
>
> THE COURT: Have you reviewed it with the defendant, Mr. Hubbard?
>
> MR. JOINER: I have, Your Honor. Yes, sir.

>THE COURT: Mr. Hubbard, <u>do you understand the Memorandum of Understanding, sir</u>?
>
>PETITIONER: <u>Yes, sir, I understand</u>.

Transcript of Guilty Plea Hearing, at 11-12 (emphasis added). The government was then asked by the Court to orally discuss the contents of the Memorandum of Understanding, and, as part of the United States Attorney's response, Hubbard was explicitly told that by entering his plea he was waiving his right to appeal his conviction and sentence or pursue collateral post-conviction relief via a § 2255 motion. Transcript of Guilty Plea Hearing, at 13-14. The Court then inquired of the defendant:

>THE COURT: All right. Mr. Hubbard, you have heard Mr. Kennedy outline what he feels are the facts that he would be able to prove beyond a reasonable doubt in the event you go to trial. Essentially do you agree with what Mr. Kennedy has just said, sir?
>
>PETITIONER: Yes, sir.
>
>THE COURT: Do you tell me you're guilty of this crime?
>
>PETITIONER: Yes, sir, I'm guilty.

Transcript of Guilty Plea Hearing, at 15.

Hubbard maintains that his answers at the plea hearing were coerced by his counsel. He complains that "[d]uring the guilty plea colloquy, Defense Counsel engaged in so-called 'stage-whispers' directing Mr. Hubbard to 'just say yes or no to the questions of the court as directed.'" Memo. in Support of § 2255

7

Motion, at 6. However, once the petitioner responded under oath that he was aware of and understood that he was foregoing his right to post-conviction relief by pleading guilty, he is presumed to have been speaking truthfully. See Harmason v. Smith, 888 F.2d 1527, 1532 (5th Cir. 1989); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings."). The petitioner "can point to no evidence in the record that his explicit waiver, included in the plea agreement and signed by [Hubbard] and his counsel, was not informed and voluntary." United States v. Hoctel, 154 F.3d 506, 508 (5th Cir. 1998). Therefore, his motion to vacate his sentence will be denied inasmuch as the petitioner has waived his right to collaterally attack his conviction via a § 2255 motion.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED**. Accordingly,

IT IS HEREBY ORDERED that Petitioner Danny Hubbard's Motion to Vacate under 28 U.S.C. § 2255 [**docket entry 1**] in civil action 5:04cv895 is **DISMISSED WITH PREJUDICE**.

SO ORDERED, this the ___9th___ day of ~~November~~ December, 2005.

/s/ David Bramlette

UNITED STATES DISTRICT JUDGE